﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191030-40367
DATE: October 30, 2020

REMANDED

Entitlement to an initial compensable rating for left middle finger is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from October 1983 to October 1985.

In December 2017, the Veteran submitted an intent to file a claim, and applied for entitlement to service connection for left middle finger in February 2018. An October 2018 rating decision was issued under the legacy system denying the claim. The Veteran submitted a timely notice of disagreement (NOD) in November 2018. In October 2019, the agency of original jurisdiction (AOJ) issued a rating decision granting service connection for left middle finger and assigning a noncompensable rating. Since the rating decision on appeal was issued in October 2019, it constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket and sought an increased rating. Therefore, the Board may only consider the evidence of record at the time of the October 2019 decision on appeal. 38 C.F.R. § 20.301.

The issue of entitlement to an initial compensable rating for left middle finger is remanded to correct a duty to assist error that occurred prior to the October 2019 rating decision on appeal. The Board notes that the Veteran reported he is experiencing constant arthritic joint pain in his left middle finger. See February 2018 Statement in Support of Claim. However, the AOJ did not afford the Veteran a VA examination to determine whether the pain the Veteran reported might result in limited motion. The Board observes the claims file contains no VA or other treatment records that provide the medical information needed to determine the appropriate rating. Accordingly, the Board finds that a remand is warranted to afford the Veteran a VA examination to assess the severity of his left middle finger disability and whether the joint pain reported by the Veteran might result in limited motion.

While the Board regrets the delay, a remand is required because the Board cannot make a fully informed decision on the Veteran’s claim.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an in-person VA examination by an appropriate clinician to determine the current severity of his service-connected left middle finger.

2. Provide the clinician the Veteran’s complete claims file, including this Remand order, for review in connection with the examination. The examination report should reflect that such review was accomplished.

3. The clinician should interview and examine the Veteran. The clinician is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be considered in formulating the requested opinions.

4. The clinician must test the Veteran’s active motion, passive motion, and pain with weight-bearing and without weight-bearing. The clinician should document the degree at which pain starts. 

5. A reasoned rationale supporting the clinician’s conclusions must be provided for any and all opinions offered. All appropriate studies and consultations should be accomplished, and all clinical findings should be reported in detail. If any requested opinion cannot be provided without resorting to mere speculation, the clinician must fully explain why this is the case and identify what, if any, additional evidence or information might allow for a more definitive opinion.

6. After completing the foregoing and any other development necessary, readjudicate the Veteran’s claim.

7. Notify the Veteran and his representative that, in the event the Veteran’s claim is not granted in full, his claim would not be automatically returned to the Board, and the Veteran’s appropriate action would be required if he desires further Board review. See 38 C.F.R. § 3.2502 (under the AMA framework, “upon... remand [of a claim] by the Board... , the [AOJ] retains jurisdiction of the claim”).

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Agarwal, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.